IN RE APPLICATION OF UNITED MINERAL PRODUCTS
COMPANY.
UNITED MINERAL PRODUCTS COMPANY, APPELLANT, V.
NEBRASKA RAILROADS OF WESTERN TRUNK LINES
COMMITTEE, APPELLEE.
134 N. W. 2d 598

Filed April 16, 1965. No. 35727.

Nelson, Harding & Acklie and Richard A. Peterson, for appellant.

Mason, Knudsen, Berkheimer & Endacott, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

SMITH, J.

A shipper has complained of unjust discrimination in rail rates. The objection involves the relationship between scales of distance rates for single-line and joint-line hauls of a commodity from different points of origin to common destinations up to 200 miles away.

The Nebraska State Railway Commission authorized joint-line rates for intrastate transportation of highway construction material described as a filler consisting of ground limestone or limestone dust with a minimum weight of 100,000 pounds per car in closed cars. The shipper has appealed.

In a former opinion, 177 Neb. 802, 131 N. W. 2d 388, we reversed the order on the ground that the commission had exceeded its jurisdiction. Our reasons were a defective notice of hearing and the absence of an application for authority.

After reargument we now withdraw the former opinion because any procedural irregularities were not jurisdictional. The Nebraska Railroads of Western Trunk Lines Committee appeared generally at the hearing. It represented the necessary carriers. It later obtained an extension of the termination date of the authority. It requested us to affirm the order. The notice was ample and the application adequate.

We proceed to the merits. Appellant and Ashland Stone Company are competitors in markets located west of their quarries and along routes of the Chicago, Burlington & Quincy Railroad Company. Shipments of the rivals originate at Weeping Water and Ashland. Appellant is served exclusively by the Missouri Pacific Railroad Company whereas Ashland is served exclusively by the Burlington.

Injury to appellant is undisputed. The market is sensitive to freight rates, which constitute a large part of the total price. Under the joint-line scale charges rise from $1.85 per ton for 40 miles to $3.93 for 200 miles. The commodity price f.o.b. fluctuates between $4.50 and $4.75 per ton.

More than injury is required. Unequal charges legitimately referable to transportation conditions are not unjustly discriminatory. See Nebraska Limestone Producers Assn. v. All Nebraska Railroads, 168 Neb. 786, 97 N. W. 2d 331.

Relative costs of service are a basic determinant of symmetry. Sharfman, The Interstate Commerce Commission, III-B, pp. 566, 567. By this standard the relationship under attack is disordered. The joint-line scale was constructed upon a single-line scale which is no longer in use for distances up to 200 miles. Appellant

has accepted the increment of 54 cents per ton, an addition representing the differential under earlier commission orders, but it has objected to the paper scale as a base.

A comparison between the truck-competitive rates charged Ashland for distances up to 200 miles and the joint-line rates charged appellant reveals the extent of discrimination. The differential per ton mounts from 66 cents for 40 miles to 99 cents for 200 miles. In contrast the differential for greater distances remains between 34 cents and 37 cents.

The variation has been attributed to competition by motor carriers. In 1938 the railroads depressed their rates for single-line hauls up to 200 miles, but they established no truck-competitive rates for joint-line hauls.

In some cases, but not in this one, carrier competition is a transportation condition justifying unequal charges. Basic determinants of reasonable rate relationships are not to be diluted by a policy of competition in itself unreasonable. "Railroads may not reduce rates to meet competition at one point and refuse to meet it at another where the circumstances are substantially similar." United Mineral Products Co. v. Nebraska Railroads, 175 Neb. 285, 121 N. W. 2d 492.

Arguments of the parties invite amplification of our conclusion. The railroads have pointed out that a scale constructed upon the truck-competitive one would disrupt the scale for open cars. The shipper has insisted upon the truck-competitive base.

This dispute must be presented to the commission. Our inquiry has been directed to the reasonableness of rate relationships—not to the reasonableness of any scale in a different context. Adjustment must be made by the commission. See L. E. Whitlock Truck Service, Inc. v. Shippers Oil Field Traffic Assn., 171 Neb. 78, 105 N. W. 2d 588.

Only one conclusion may be drawn properly. The

two scales work an unjust discrimination against appellant.

The order of the commission is reversed.

REVERSED.